Schmehl

JS 44 (Rev 02/19)

# CIVIL COVER SHEET

5:19-3489

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

19  3489

## I. (a) PLAINTIFFS
CAROL BARTHOLOMEW

**(b)** County of Residence of First Listed Plaintiff  **Lehigh County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Scott K. Johnson, Esq., Two Penn Center, Suite 1240
1500 John F. Kennedy Boulevard, Philadelphia, PA 19110

## DEFENDANTS
PINNACLE LOGISTICS, LLC

County of Residence of First Listed Defendant  **Delaware, Texas, Colorado**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Rachel Fendell Satinsky, Esq., Littler Mendelson, 3 Parkway,
1601 Cherry St., Ste. 1400, Philadelphia, PA 19102

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS -Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
42. U.S.C. 1332
Brief description of cause:
Employment Action

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint
**JURY DEMAND:** ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE
07/30/2019

SIGNATURE OF ATTORNEY OF RECORD
Rachel Fendell Satinsky

JUL 30 2019

**FOR OFFICE USE ONLY**
RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

19  3489

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 704 Saint John Street, Allentown, Pennsylvania

Address of Defendant: 1640 West 23rd Street, Dallas, TX 75261

Place of Accident, Incident or Transaction: Allentown, Pennsylvania

---

**RELATED CASE, IF ANY:**

Case Number: n/a    Judge: n/a    Date Terminated: n/a

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [✓]

I certify that, to my knowledge, the within case [ ] is / [●] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 07/30/2019    *Rachel Fendell Satinsky*    308751
Attorney-at-Law / Pro Se Plaintiff    Attorney I D # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
1. Indemnity Contract, Marine Contract, and All Other Contracts
2. FELA
3. Jones Act-Personal Injury
4. Antitrust
5. Patent
6. Labor-Management Relations
7. Civil Rights
8. Habeas Corpus
9. Securities Act(s) Cases
10. Social Security Review Cases
11. All other Federal Question Cases *(Please specify)*

B. *Diversity Jurisdiction Cases:*
1. Insurance Contract and Other Contracts
2. Airplane Personal Injury
3. Assault, Defamation
4. Marine Personal Injury
5. Motor Vehicle Personal Injury
6. Other Personal Injury *(Please specify)*
7. Products Liability
8. Products Liability – Asbestos
9. [✓] All other Diversity Cases *(Please specify)* Employment

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, Rachel Fendell Satinsky, counsel of record or pro se plaintiff, do hereby certify:

[ ] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[✓] Relief other than monetary damages is sought.

JUL 30 2019

DATE: 07/30/2019    *Rachel Fendell Satinsky*    308751
Attorney-at-Law / Pro Se Plaintiff    Attorney I D # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38

Civ 609 (5/2018)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| CAROL BARTHOLOMEW<br><br>v.<br><br>PINNACLE LOGISTICS, LLC | CIVIL ACTION<br><br>19  3489<br><br>NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ☐

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ☐

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ☐

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ☐

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ☐

(f) Standard Management – Cases that do not fall into any one of the other tracks. ☑

| | | |
|---|---|---|
| 07/30/2019 | Rachel Fendell Satinsky | Pinnacle Logistics, LLC |
| Date | Attorney-at-law | Attorney for Defendant |
| 267-402-3000 | 267-402-3131 | rsatinsky@littler.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

JUL 30 2019

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROL BARTHOLOMEW, | Civil Action No.:_____ |
| Plaintiff, | |
| v. | |
| PINNACLE LOGISTICS, LLC, | |
| Defendant. | |

**19   3489**

## NOTICE OF REMOVAL OF ACTION

Defendant Pinnacle Logistics, incorrectly pled as Pinnacle Logistics, LLC ("Defendant" or "Pinnacle"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby files this Notice of Removal of the above-captioned action from the Court of Common Pleas of Lehigh County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania. In support of this Notice of Removal, Pinnacle avers as follows:

1. On or about June 17, 2019, Plaintiff Carol Bartholomew ("Plaintiff" or "Bartholomew") filed a Civil Action Complaint ("Complaint") against Pinnacle in the Court of Common Pleas of Lehigh County, Pennsylvania, captioned *Carol Bartholomew v Pinnacle Logistics, LLC*, Case No. 2019-C-1850 ("State Court Action").

2. On or about June 19, 2019, the Pennsylvania Human Relations Commission ("PHRC") sent a letter to Bartholomew informing her that it had been one year since she filed her complaint with the PHRC and that she now had the right to bring an action in the appropriate Pennsylvania Court of Common Pleas based on the alleged violations of the Philadelphia Human Relations Act ("PHRA") contained in her commission complaint.

3. On or about July 1, 2019, Pinnacle received a copy of the Complaint in this action. A true and correct copy of the Complaint is attached hereto as Exhibit 1.

4. This Notice of Removal is timely as it is made within thirty (30) days of Pinnacle's receipt of the complaint, as required by 28 U.S.C. § 1446(b).

5. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) in that there is complete diversity of citizenship and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

6. Bartholomew is a resident of the Commonwealth of Pennsylvania who has made and intends to continue to make Pennsylvania her primary residence for the indefinite future. (Compl. ¶ 1.) Bartholomew is therefore a citizen of Pennsylvania for purposes of 28 U.S.C. § 1332.

7. Plaintiff's correct employing entity is IAS Logistics DFW, LLC ("IAF"), which does business as Pinnacle Logistics. IAF is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in the State of Texas.

8. IAF has two members: Harry Combs and Everett Wheeling. Combs is a citizen of Colorado and Wheeling is a citizen of Texas. Therefore, Pinnacle is a citizen of Delaware, Texas and Colorado for purposes of 28 U.S.C. § 1332. *See Zambelli Fireworks Manufacturing Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (holding that limited liability company is a citizen of each state where its members are citizens).

9. Accordingly, diversity of citizenship, for purposes of 28 U.S.C. § 1332, existed between Bartholomew and Pinnacle at the time Bartholomew commenced the State Court Action, and continues to exist as of the time of filing this Notice of Removal.

10. Pinnacle asserts that the amount in controversy exceeds $75,000, exclusive of interest and costs. **Bartholomew specifically alleges that she seeks an amount in excess of $75,000.** (Compl. Section V ("Relief Requested"), Wherefore Clause.) Bartholomew's requested damages include "compensatory damages for: including, but not limited to, restitution, expectation damages, consequential damages, back pay and lost benefits[,] lost future wages, lost earning capacity, economic loss, pain and suffering, [and] emotional distress." (*Id* ¶ A.) Additionally, Bartholomew seeks attorneys' fees, which must also be taken into account when determining whether the amount in controversy is met. *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997).

11. Accordingly, the grounds for diversity jurisdiction are satisfied, and this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

12. By reason of the foregoing, Pinnacle desires and is entitled to have this case removed from the Court of Common Pleas of Lehigh County to the United States District Court for the Eastern District of Pennsylvania.

13. This Court is the district court of the United States for the district and division embracing the place where this action is currently pending for purposes of 28 U.S.C. § 1441(a).

14. True and correct copies of this Notice of Removal with accompanying exhibits and Notice of Removal directed to the State Court are being served upon Plaintiff and filed with the Court of Common Pleas of Lehigh County, Pennsylvania, in accordance with the provisions of 28 U.S.C. § 1446(d).

WHEREFORE, Pinnacle respectfully requests that this case be removed to this Court, that this Court accept jurisdiction, and that this action be henceforth placed on the docket of this Court for all further proceedings as though the same had been originally instituted and commenced in this Court.

Respectfully submitted,

*Rachel Fendell Satinsky*

Rachel Fendell Satinsky (PA ID No. 308751)
**LITTLER MENDELSON**
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102.1321
Telephone: 267.402.3000
*Facsimile*: 267.402.3131
rsatinsky@littler.com

*Attorneys for Defendant,
Pinnacle Logistics, LLC*

Dated: July 30, 2019

## CERTIFICATE OF SERVICE

I certify that on this 30th day of July, 2019, a true and correct copy of the foregoing Defendant's Notice of Removal of Action was served by U.S. Mail upon the following:

> Scott K. Johnson, Esq.
> Two Penn Center, Suite 1240
> 1500 John F. Kennedy Boulevard
> Philadelphia, PA 19110
> scottj@ericshore.com
> *Attorney for Plaintiff, Carol Bartholomew*

*Rachel Fendell Satinsky*
Rachel Fendell Satinsky

FIRMWIDE.165419429.3 098413.1005



**Littler Mendelson, P.C.**
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102 1321

Rachel Fendell Satinsky
267 402 3071 direct
267 402 3000 main
267 285 2566 fax
rsatinsky@littler.com

July 30, 2019

**VIA HAND-DELIVERY**

Clerk, United States District Court
for the Eastern District of Pennsylvania
601 Market Street, Room 2609
Philadelphia, PA 19106

**Re:    Carol Bartholomew v. Pinnacle Logistics, LLC**

Dear Clerk of Court:

Enclosed for filing please find the original and one copy of the below documents, along with a CD and check in the amount of $400.00. Kindly time-stamp the copy and return it to our courier.

- Notice of Removal;
- Civil Cover Sheet;
- Designation Form;
- Disclosure Statement Form;
- Case Track Designation Form; and
- CD containing copy of documents.

If you have any questions, please do not hesitate to contact me.

Very truly yours,

/s/ *Rachel Fendell Satinsky*
Rachel Fendell Satinsky

RFS/nmc
Enclosures
cc:    Scott K. Johnson, Esq. (via Email & First Class Mail)

littler.com

# EXHIBIT A

Rachel Fendell Satinsky (PA ID No. 308751)
LITTLER MENDELSON
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102.1321
Telephone: 267.402.3000
*Facsimile*: 267.402.3131

*Attorneys for Defendant*

| | |
|---|---|
| CAROL BARTHOLOMEW, | IN THE COURT OF COMMON PLEAS, LEHIGH COUNTY, PENNSYLVANIA |
| Plaintiff, | CIVIL ACTION - LAW |
| v. | |
| PINNACLE LOGISTICS, LLC | Case No. 2019-C-1850 |
| Defendant. | |

## NOTICE OF REMOVAL OF ACTION

Defendant Pinnacle Logistics, incorrectly pled as Pinnacle Logistics, LLC ("Defendant" or "Pinnacle"), by and through its undersigned counsel, hereby gives notice to the Court of Common Pleas of Lehigh County, Pennsylvania and Plaintiff Carol Bartholomew ("Plaintiff" or "Bartholomew") as follows:

1. Defendant has filed with the United States District Court for the Eastern District of Pennsylvania a Notice of Removal. A copy of the Notice of Removal is attached hereto as Exhibit A.

2. Pursuant to the provisions of 28 U.S.C. § 1446(d), the filing of the Notice of Removal by Defendant effects the removal of this action from this Court's jurisdiction, and this Court "shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d).

Respectfully submitted,

/s/ Rachel Fendell Satinsky
Rachel Fendell Satinsky (PA ID No. 308751)
**LITTLER MENDELSON**
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102.1321
Telephone: 267.402.3000
Facsimile: 267.402.3131
rsatinsky@littler.com

*Attorneys for Defendant,
Pinnacle Logistics, LLC*

Dated: July 30, 2019

## CERTIFICATE OF SERVICE

I certify that on this 30th day of July, 2019, a true and correct copy of the foregoing Defendant's Notice of Removal of Action was served by email upon the following:

> Scott K. Johnson, Esq.
> Two Penn Center, Suite 1240
> 1500 John F. Kennedy Boulevard
> Philadelphia, PA 19110
> scottj@ericshore.com
> *Attorney for Plaintiff, Carol Bartholomew*

/s/ *Rachel Fendell Satinsky*
Rachel Fendell Satinsky

Scott K. Johnson (Pa. Id. No: 85024)
**LAW OFFICES OF ERIC A. SHORE, P.C.**
scottj@ericshore.com
Two Penn Center, Suite 1240
1500 John F. Kennedy Boulevard
Philadelphia, PA 19110
(267) 546-0124 (t)
(215) 944-6124 (f)
*Attorney for Plaintiff, Carol Bartholomew*

| | | |
|---|---|---|
| CAROL BARTHOLOMEW | : | LEHIGH COUNTY |
| | : | COURT OF COMMON PLEAS |
| Plaintiff, | : | |
| | : | _____ Term, 2019 |
| v. | : | |
| | : | No.: _____ |
| PINNACLE LOGISTICS, LLC | : | |
| | : | **COMPLAINT—CIVIL ACTION** |
| Defendant. | : | |

### NOTICE TO DEFEND

YOU HAVE BEEN SUED IN COURT. IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THIS COMPLAINT AND NOTICE ARE SERVED, BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED IN THE COMPLAINT OF FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE PLAINTIFF. YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Lehigh County Bar Association
1114 West Walnut Street
Allentown, PA 180102
(610) 433-6204

## III. FACTS

8. On August 22, 2017, Defendant hired Ms. Bartholomew to work as a Supervisor at their warehouse located in Allentown, Pennsylvania.

9. In November of 2017, Regional Manager for Baltimore Washington International Airport ("BWI"), Ryan[1], the Manager on duty for BWI from Texas, Greg[2], Safety Supervisor for Pinnacle, Ray[3], and Regional Manager for BWI Justin[4], came to work at Defendant's Allentown, Pennsylvania location.

10. Ray would say to Ms. Bartholomew, "Come on, get your old ass out there on the floor and get your people moving."

11. According to Ms. Bartholomew, Ray would obsessively and inappropriately talk about young female employees and would inappropriately sell them his homemade moonshine from his car or from the hotel he was staying at.

12. Ray would also invite the young female employees back to his hotel room to party with him.

13. Ms. Bartholomew observed Ray being extra friendly with some of the younger female employees, (i.e., touching them and playing with their hair, allowing them to have long breaks, and entertaining them with food and drinks).

14. In late November 2017, Ms. Bartholomew witnessed this inappropriate behavior and spoke with the Human Resources representative, Steve[5].

15. Ms. Bartholomew was called into the office by Steve and another representative from Human Resources, Sasha[6], and was asked if she witnessed any of Ray's inappropriate

---

[1] The last name of Ryan is unknown to Plaintiff
[2] The last name of Greg is unknown to Plaintiff
[3] The last name of Ray is unknown to Plaintiff
[4] The last name of Justin is unknown to Plaintiff
[5] The last name of Steve is unknown to Plaintiff

3

23. On January 17, 2018 Ms. Bartholomew met with Cindy, and she gave her the reason why she was terminated.

24. Cindy told Ms. Bartholomew that she spoke with Ryan and Greg and they told her that they were not satisfied with Ms. Bartholomew's performance during peak holiday season.

25. In spite of their alleged dissatisfaction with Ms. Bartholomew's performance, Ryan and Greg did not provide Cindy or by extension any specific objective proof of Ms. Bartholomew mishandling the peak holiday season operations.

26. On January 19, 2018 Ms. Bartholomew met with Cindy again to try and regain her position.

27. Cindy asked Ms. Bartholomew what she wanted out of this, and Ms. Bartholomew told Cindy specifically that she wanted her job back.

28. After the investigation, Cindy was in the process of getting Ms. Bartholomew her job back; however, Cindy was also terminated by Defendant on February 5, 2018.

29. In addition to discriminating against Ms. Bartholomew on the basis of age, Defendant also retaliated against Ms. Bartholomew because she complained about sexual harassment by one of the managers.

## IV. CAUSE OF ACTION
## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
### (43 P.S. § 951, *et seq.*)

30. Plaintiff incorporates paragraphs 1-29 as if fully set forth at length herein.

31. At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq*, an employer may not discriminate or retaliate against an employee.

32. Plaintiff is a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.*

5

Date: June 12, 2019                    **LAW OFFICES OF ERIC A. SHORE, P.C**

BY: *Scott K. Johnson*
**SCOTT K. JOHNSON, ESQUIRE**
Two Penn Center, Suite 1240
1500 John F. Kennedy Boulevard
Philadelphia, PA 19110
Tel.: (267) 546-0124
Fax: (215) 944-6124
Email: scottj@ericshore.com
*Attorney for Plaintiff, Carol Bartholomew*

7